**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT HOUSE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 24 CV 235J |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 49 |
| CO ROUSE, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM ORDER</u>

Robert House ("Plaintiff") is an inmate at the State Correctional Institution at Houtzdale ("SCI -Houtzdale") and brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. In his Amended Complaint, House alleges that while housed at the State Correctional Institution at Greene ("SCI – Greene"), Defendants violated his Eighth Amendment rights over a 21-day period through the repeated excessive use of force, denial of medical treatment, and denial of regularly scheduled meals. Plaintiff seeks declaratory relief as well as compensatory and punitive damages.

Presently before this Court is Plaintiff's Motion to Compel Discovery and Motion to Appoint Counsel, ECF No. 49. For the following reasons, the Court declines to exercise its discretion at this time to request an attorney to represent Plaintiff in the prosecution of this action.[1]

Unlike criminal defendants, prisoners and indigent civil litigants have no constitutional or statutory right to counsel. <u>See</u>, <u>e.g.</u>, <u>Parkell v. Danber</u>, 833 F.3d 313, 340 (3d Cir. 2016); <u>Montgomery v. Pinchak</u>, 294 F.3d 492, 498 (3d Cir. 2002). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." The United States Court of Appeals for the Third Circuit has emphasized "that volunteer lawyer time is extremely valuable" and for that reason district courts should not request counsel "indiscriminately." <u>Tabron</u>

---

1 Plaintiff's Motion to Compel Discovery will be addressed in due course.

v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). It also observed "the significant practical restrains on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." Id.

Section 1915(e)(1) gives the Court broad discretion to determine whether the appointment of counsel is warranted, and that determination must be made on a case-by-case basis.  Id.

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law.  Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).  See Tabron, 6 F.3d at 155.  If the court determines that the claim has some merit, the court should then consider the following factors:

1.    the plaintiff's ability to present his or her own case;

2.    the complexity of the legal issues;

3.    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4.    the amount the case is likely to turn on credibility determinations;

5.    whether the case will require the testimony of expert witnesses; and

6.    whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457.  "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts." Id. at 458.

Assuming for purposes of this Memorandum Order only that this case has some arguable merit, the Court concludes that the balance of the above-cited factors weigh against the appointment of counsel at this time. In considering factors one and two,  the litigant's ability to

2

present his case and the difficulty of the legal issues involved, it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated his ability to file motions and advocate on his own behalf and otherwise communicate with the Court. Similarly, the third consideration, the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation, does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony and little factual investigation appears necessary. Further, while it may be that the credibility of witnesses will be at issue, it does no more so than in every case. Finally, it does not appear that proper adjudication will require the testimony of expert witnesses.

The Court also notes that as a *pro se* litigant, he has the benefit of Haines v. Kerner, 404 U.S. 519 (1972), and its progeny, which provide that the court must liberally construe *pro se* pleadings.

Finally, Local Civil Rule 10.C provides that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." See also Parkell, 833 F.3d at 340 ("Appointing counsel for an indigent civil litigant is 'usually only granted upon a showing of *special circumstances* indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case.'") (quoting Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984)). Here, the circumstances cited by Plaintiff are those faced by all prisoner litigants. Should the case survive dispositive motions and appear ready to proceed to trial, the Court will reconsider his request.

Accordingly, the following Order is entered:

3

AND NOW, this 9th day of March, 2026, IT IS HEREBY ORDERED that Plaintiff's Motion for Appointment of Counsel, ECF No. 49, is DENIED without prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

*/s/ Maureen P. Kelly*
United States Magistrate Judge

cc:    ROBERT HOUSE
FY7734
SCI HOUTZDALE
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000

All counsel of record via CM/ECF

4